# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>        Plaintiff,<br><br>    v.<br><br>RODRIGUEZ, et al.,<br><br>        Defendants. | CASE NO. 1:06-cv-01792-OWW-SMS PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Doc. 14) |

Plaintiff Michael Gonzales ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On April 11, 2007, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days. After obtaining an extension of time, plaintiff filed an Objection to the Findings and Recommendations on June 19, 2007.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

In his Objection, plaintiff contends that he filed suit on February 12, 2007, and exhaustion occurred on February 2, 2007. Plaintiff also argues that the Director's Level response was untimely, as were responses at other levels.

///

1    Plaintiff filed this action on December 11, 2006, not February 12, 2007.[1]  (Doc. 1.)
2  Regardless of whether an untimely response from the Director's Level would constitute exhaustion,
3  plaintiff submitted his appeal to the Director's Level for consideration on November 13, 2006, and
4  the time for a response had not expired when plaintiff opted to file this suit prematurely on
5  December 11, 2006.  In any event, plaintiff's assertion that the response of February 2, 2007, was
6  late is without merit.  Director's Level responses are to be completed within sixty working days, and
7  the time limit commences upon receipt of the appeal by the appeals coordinator.  Cal. Code Regs.,
8  tit. 15 §§ 3084.6 (a), (b)(4) (West 2007).  Weekends and state holidays do not constitute working
9  days.  Tit. 15 § 4003(j)(2).  It is unclear what date plaintiff's appeal was received by the appeals
10 coordinator, but even if it was received the next day, on November 14, 2006, the response was timely
11 under the regulations.  Dismissal of this action is required under 42 U.S.C. § 1997e(a).

    Accordingly, IT IS HEREBY ORDERED that:

13  1.   The Findings and Recommendations, filed April 11, 2007, is adopted in full; and
14  2.   This action is dismissed, without prejudice, based on plaintiff's failure to comply
15       with 42 U.S.C. § 1997e(a) by exhausting his claim prior to filing suit.

17 IT IS SO ORDERED.
18 **Dated:   June 20, 2007**          **/s/ Oliver W. Wanger**
                                       UNITED STATES DISTRICT JUDGE

---

[1] February 12, 2007, is the date plaintiff was granted leave to proceed in forma pauperis in this action.  In this court, actions are filed when received and not when ifp status is later granted.  Even if this were not the case, "an action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district [court] . . . ."  Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (quoting Ford v. Johnson, 362 F.3d 395, 400 (7th Cir. 2004)).